**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RHONDA A. CALLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-06-1324-R |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner denying her application for disability insurance and supplemental security income benefits.  Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review.  On February 20, 2008, Judge Argo issued a Report and Recommendation, wherein he recommended that the decision of the Commissioner be affirmed.  The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation.  Thus, the Court must make a de novo determination of any portion of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

Plaintiff challenges the Magistrate Judge's Report and Recommendation with regard to his conclusions on two issues: (1) the administrative law judge's step three findings regarding the severity of her mental impairments; and (2) the administrative law judge's

residual functional capacity findings at step four. With regard to her step three argument, Plaintiff does not assert that she met the requirement for a listing at step three, so as render her disabled at that step. Plaintiff argues that at step three the administrative law judge did not relate his findings to any specific evidence in the record when he concluded that she had only moderate limitations in her abilities to maintain social functioning. She contends that if the administrative law judge had done so he would have determined that she had a "marked" limitation with regard to social functioning rather than moderate, and that as a result, he would have necessarily included a greater restriction on her ability to cooperate with coworkers and supervisors at step four of the analysis. Plaintiff contends that such a limitation in her residual functional capacity would have rendered her unable to perform the work identified by the vocational expert.

The Court disagrees with Plaintiff's contention that a finding of a marked limitation with regard to social functioning necessarily would have mandated a finding that Plaintiff could not function with coworkers and supervisors. Additionally, the Court agrees with the conclusion of the Magistrate Judge that the administrative law judge's opinion, although perhaps not artfully drafted, when considered in its totality, fulfills the requirements of 20 C.F.R. § 404.1520a and § 416.920a. Accordingly, the Court hereby adopts the Report and Recommendation with regard to Plaintiff's first contention of error.

Plaintiff further challenges the administrative law judge's determination as to her residual functional capacity, concluding that the administrative law judge should have included therein the fact of her left wrist fusion and limited contact with coworkers and

supervisors. The issue of Plaintiff's ability to interact appropriately with her coworkers and supervisors has effectively been addressed by the above-section and by the Magistrate Judge's Report and Recommendation. Accordingly, the Court will not further address that issue herein. The Court concludes, however, that the administrative law judge's treatment of Plaintiff's fused left wrist requires additional consideration.

The administrative law judge concluded that Plaintiff's left wrist did not constitute a severe impairment at step two of the sequential analysis. Plaintiff contends that this was error, and she further contends that the administrative law judge should have attributed limitations in her residual functional capacity to her inability to move her wrist.

Regardless of whether Plaintiff's wrist constituted a severe impairment at step two, the Court concludes that the administrative law judge erred in failing to include any limitation in the range of motion of Plaintiff's left wrist in assessing her residual functional capacity. *See* 20 C.F.R. § 404.1545, § 416.945 (the Commissioner will consider all medically determinable impairments, including those that are not "severe" in assessing a claimant's residual functional capacity). 20 C.F.R. § 404.1545 and § 416.945 also require the administrative law judge to consider a claimant's limited ability to perform certain physical demands of work, including handling. Handling is defined as "[s]eizing, holding, grasping, turning, or otherwise working with hand or hands." The undisputed evidence from the consultative examiner is that as a result of the bone fusion, Plaintiff has zero mobility of the wrist joint on her left arm, no supination, no pronation and no wrist hinging, limitations that would hamper Plaintiff's handling abilities.

This is significant, because the jobs identified by the vocational expert as appropriate for a hypothetical individual with the limits later subscribed to Plaintiff including handling either frequently, from 1/3 to 2/3 of the time (bagger or house cleaner) or constantly (bakery racker), defined as 2/3 or more of the time.  The administrative law judge's failure to include a limitation on handling means that the vocational expert did not give testimony that a limitation on handling would impact Plaintiff's ability to perform this essential function of the identified jobs.[1]

In *Kerwin v. Astrue*, 244 Fed. Appx. 880 (10th Cir. 2007), the Court considered whether it was error for an administrative law judge to fail to mention a claimant's limitations when the consultative examiner had noted limited flexion and hyperextension of all fingers on her right hand as well as additional limitations related thereto.  As here, the administrative law judge did not include any handling limitations in assessing residual functional capacity.  The Court concluded this was error, because the administrative law judge concluded the claimant could perform her past relevant work all of which included frequent handling or fingering.  The Tenth Circuit remanded the matter to the Commissioner for further inquiry regarding the claimant's hand limitations.

---

[1] At the end of the hearing and apparently not in response to any inquiry,  the vocational expert testified as follows:
> Additionally, physically, she does have the limitation on diffusion of the left wrist. She can't flex, she can't calm down, she can [INAUDIBLE] to calm down. And as far as weights with the left hand, that, that's a problem. Left hand is non-dominant, but nonetheless that would be a problem with bilateral us[e] of hand such as in sedentary work on a repetitive basis.

The Court agrees with the decision in *Kerwin* and with Plaintiff's argument that in light of the uncontroverted evidence that her left wrist has no range of motion that it was error for the administrative law judge to fail to discuss her limitations and error for him to fail to include such limitations in her residual functional capacity. Accordingly, the vocational expert was not adequately questioned regarding the impact of such limitation on the jobs he identified, and thus the Court cannot conclude that the administrative law judge's determination that Plaintiff can perform the identified jobs is supported by substantial evidence.

For the reasons set forth herein, the Court declines to adopt the Report and Recommendation and this matter is remanded to the Commissioner for additional proceedings consistent with this order. Judgment shall be entered accordingly.

IT IS SO ORDERED this 26th day of March 2008.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE